**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

BRYAN K. BALDWIN,
ADC #115013                                                              PLAINTIFF

V.                          2:17CV00195 BSM/JTR

CROSS COUNTY SHERIFF'S DEPARTMENT, et al.          DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller.  Any party may file written objections to this Recommendation.  Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation.  An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

1

## I.  Discussion

Plaintiff Bryan K. Baldwin ("Baldwin") is a prisoner in the East Arkansas Maximum Unit of the Arkansas Department of Correction.   In November of 2017, Baldwin filed a *pro se* § 1983 Complaint alleging that eleven Defendants violated his constitutional rights, *in numerous factually and legally distinct ways*,  while he was a pretrial detainee in the Cross, Phillips, and Lee County jails.[1]  *Doc. 1.*

During 28 U.S.C. § 1915A screening, the Court struck the Complaint from the record as being filed in violation of Federal Rule of Civil Procedure 20 and Eighth Circuit precedent prohibiting prisoners from improperly joining factually and legally unrelated claims in one lawsuit.[2]  *Doc. 4.*   The Court instructed Baldwin to

---

[1]   Specifically,  Baldwin alleged that:  (1) on September 10, 2017, unnamed Cross County deputies used excessive force during his arrest; (2) unnamed Cross County jailers denied him telephone, visitation, and commissary privileges; stole his money and personal property; failed to provide him with adequate food and water; and forced him to sleep on the floor; (3) unnamed Cross County jailers wrongfully accused him of attempting escape and used excessive force against him; (4) an unnamed "Sheriff" at an unspecified jail refused to provide him with drug treatment; (5) an unnamed individual at an unspecified jail denied him adequate medical care for hypoglycemia and unspecified mental health problems; (6) unnamed individuals at an unspecified jail destroyed his grievances and legal materials; and (7) unspecified individuals at the Lee County jail denied him adequate medical care for a back injury he sustained when he slipped in his cell. *Doc. 1.*

[2]  The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

file a Substituted Complaint that: (1) included "only one of his factually and legally related claims"; and (2) named only the "individuals who were personally involved in that claim." *Id. at 3.* Importantly, Baldwin was warned that, pursuant to Local Rule 5.5(c)(2), this case would be dismissed, without prejudice, if he failed to properly comply with the Court's instructions. *Id. at 4.*

In violation of the Court's Order, Baldwin has filed a Substituted Complaint renewing the improperly joined claims he attempted to raise in his initial Complaint. *Doc. 6.* Accordingly, the Court recommends that Baldwin's Substituted Complaint be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

## II.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     The Substituted Complaint *(Doc. 6)* be DISMISSED, WITHOUT PREJUDICE, and that this case be TERMINATED.

2.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 27ᵗʰ day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

3